UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARLENE WELLS and MICHAEL WELLS<br><br>Plaintiffs,<br><br>v.<br><br>SORIN GROUP USA, INC., CARBOMEDICS, INC., DEANNA PAULEY, and DOES 1 through 50, inclusive,<br><br>Defendants. | No. 2:14-cv-00606-MCE-KJN<br><br>**MEMORANDUM AND ORDER** |

Through the present action, Arlene and Michael Wells ("Plaintiffs") seek redress from Sorin Group USA, Inc., and Carbomedics, Inc., ("Defendants") for fraudulently providing false medical data to the healthcare providers of Gerald Wells ("Mr. Wells").[1] Plaintiffs claim that false data led to Mr. Wells' eventual death. Now before the Court is Defendants' Motion to Dismiss Plaintiffs' Complaint on grounds that Plaintiffs' claims are barred by their respective statutes of limitations, fail to meet the particularity requirement for pleading fraud, and otherwise fail to state a claim.

---

[1] Defendants requested that the Court take judicial notice of the Certificate of Ownership merging Carbomedics, Inc. into Sorin Group USA, Inc. effective January 1, 2010. ECF No. 11-1 at 2-4. "Under Federal Rule of Evidence 201(b), a court may take judicial notice of matters of public record. Reynolds v. Hedgpeth, 472 F. App'x 595, 598 (9th Cir. 2010) (internal quotations omitted). Because these documents are of public record, the Court finds that judicial notice is appropriate.

1

For the reasons set forth below, Defendants' Motion is GRANTED, and Plaintiffs' Complaint is dismissed with leave to amend.[2]

## BACKGROUND[3]

Plaintiffs Arlene and Michael Wells are the surviving spouse and son, respectively, of the deceased, Gerald Wells. In 2008, Gerald Wells was diagnosed with moderate aortic stenosis. His physician recommended that he undergo open heart surgery to have a diseased valve replaced. On August 28, 2008, Mr. Wells underwent the valve replacement surgery.

The valve used by Mr. Wells' surgeons was a mitroflow aortic pericardial bioprosthesis heart valve, manufactured by Defendants, and designed to repair or replace diseased heart valves. To aid physicians in selecting the proper size valve, Defendants prepared a chart matching the appropriate valve with the patient's body surface area. Based upon Mr. Wells' body surface area, his surgeons selected a 21-millimeter valve for the replacement surgery. The chart indicated that a 21-millimeter valve had only a marginal of a mismatch for a patient with Mr. Wells' body surface area.[4]

In February 2009, Mr. Wells returned to the hospital with chest pains. After running various tests, his physician informed him that although the valve was functioning properly, significant patient-prosthesis mismatch (PPM) was the cause of his chest pain. Mr. Wells underwent a second surgery on October 5, 2009, to replace the valve that had been implanted in the prior surgery. A 23-millimeter valve was selected for this second procedure.

---

[2] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 203(g).

[3] The following recitation of facts is taken, sometimes verbatim, from Plaintiffs' Complaint. ECF No. 1-1.

[4] Plaintiffs state in the Complaint that the chart indicates that a 21 mm valve was in the acceptable range for a patient with Mr. Wells' body surface area. However, in examining the chart (ECF No. 10 at 4), and by Plaintiffs' own admission (ECF No. 13 at 3), this was an error.

2

1  Mr. Wells died of severe acidosis, a complication of the surgery to replace the
2  undersized valve, on October 7, 2009.  Following Mr. Wells' death, Plaintiffs filed a
3  demand for arbitration against Mr. Wells' healthcare providers, alleging wrongful death.
4  On November 23, 2011, during the course of the arbitration, a deposition was
5  taken, wherein Plaintiffs learned for the first time of the sizing chart created by
6  Defendants.[5]  According to Plaintiffs, they also discovered at that time that the chart
7  contained false information differing from the data provided by Defendants to the Food
8  and Drug Administration (FDA) to obtain pre-market approval of the valves.
9  Plaintiffs filed the instant action on November 12, 2013, in Sacramento County
10 Superior Court, alleging nine causes of action based upon Defendants' fraudulent
11 conduct: intentional misrepresentation; intentional concealment; actual fraud; negligent
12 misrepresentation; negligence; intentional infliction of emotional distress; negligent
13 infliction of emotional distress; unfair business practices; and wrongful death.
14 Defendants removed the action to this Court on March 5, 2014.  ECF No. 1.
15 On March 12, 2014, Defendants moved to dismiss Plaintiffs' claims pursuant to
16 Federal Rule of Civil Procedure[6] 12(b)(6) for failure to state a claim on which relief can
17 be granted.  ECF No. 8.  Defendants assert that Plaintiffs' claims were not filed within the
18 time required by their respective statutes of limitations.  Id.  Defendants also argue that
19 Plaintiffs failed to state with sufficient particularity, as required by Rule 9(b), the claims
20 for fraud.  Id.  Finally, Defendants allege Plaintiffs' Complaint does not state a plausible
21 claim for relief under Rule 8.  Id.
22 ///
23 ///
24 ///

---

[5] Plaintiffs indicate in the Complaint that the deposition occurred on November 18, 2011. However, Plaintiffs' Opposition to Defendants' Motion, and the attached deposition, clarify that the deposition actually occurred on November 23, 2011.

[6] All references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

3

## STANDARD

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan Wright & Arthur R. Miller, supra, at § 1202). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their

complaint must be dismissed." Id.  However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend.  Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend).  Not all of these factors merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS

### A. Rule 8 and Rule 9(b)

Defendants argue that Plaintiffs failed to plead with particularity, as required by Rule 9(b), the claims involving fraudulent conduct.  Defs.' Mem. of P. & A. in Supp. of Mot. to Dismiss at 11; ECF No. 9 at 15.  Defendants further assert that because each cause of action in Plaintiffs' Complaint rests on the same alleged fraudulent conduct, the entire Complaint must meet the heightened pleading standard for fraud.  Id.

When a claim for fraud is raised, Rule 9(b) provides that "a party must state with particularity the circumstances constituting fraud." A pleading is sufficient under Rule 9(b) if "it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Neubronner v. Milken, 6 F.3d 666, 671-72 (9th Cir. 1993) (internal quotations and citations omitted). "The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." Id. at 672.

Where a plaintiff alleges a unified course of fraudulent conduct and relies entirely on that course of conduct as the basis of a claim, the claim is said to be "grounded in fraud" or to "sound in fraud," and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b). Vess v. Ciba-Geigy Corp., 317 F.3d 1097, 1103-04 (9th Cir. 2003). Defendants contend, and Plaintiffs do not seem to dispute, that each cause of action in the Complaint is based upon the same alleged fraudulent conduct by Defendants of including false and misleading information in the charts provided to physicians. ECF No. 9 at 15; ECF No. 13 at 9-10. As such, the Complaint is grounded in fraud and must meet the particularity requirement under Rule 9(b).

Nonetheless, the Complaint states with sufficient particularity the fraudulent conduct for which Plaintiffs seek redress from Defendants. A claim for fraud must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity. Neubronner, 6 F.3d at 672. These requirements can be relaxed, however, with respect to matters within the opposing party's knowledge. Id. Plaintiffs' Complaint here contains facts indicating that Defendants are the manufacturers of the valves and charts used by physicians in performing valve replacement surgery, and, as such, Defendants were aware of the risks associated with valve implantation. Pls.' Compl. at 3-5; ECF No. 1-1 at 5-7. Further, Plaintiffs allege that Defendants knew the charts would be relied on by surgeons in selecting the proper valve size, yet included information in the chart that was different from the data provided to the FDA to obtain pre-market approval of the valves. Id. Finally, the Complaint indicates the

manner in which Defendants' conduct caused injury to Mr. Wells and Plaintiffs. Id. These facts, taken together, are sufficient to put Defendants on notice of the particular fraudulent activity alleged and prepare an answer to these specific allegations. Accordingly, Defendants are not entitled to dismissal under Rule 9(b).

The Court also finds that Plaintiffs have stated a plausible claim for relief under Rule 8. Rule 8 requires that a pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. As discussed above, Plaintiffs have provided a factual basis sufficient to show that they may be entitled to relief based on the injury caused by Defendants' allegedly fraudulent activities. Further, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). Thus, Defendants' assertions that it would be implausible for Defendants to mislead healthcare providers because it would result in patient injuries and a loss of business, even if true, are not properly considered on a motion to dismiss.

**B. Statutes of Limitations**

Defendants further contend that Plaintiffs' claims are barred by their respective statutes of limitations. ECF No. 8. Plaintiffs' claims for negligence, intentional and negligent infliction of emotional distress, and wrongful death must be brought within the two-year period required by Cal. Code Civ. Proc. § 335.1. The fraud claims are governed by a three-year statute of limitations under Cal. Code Civ. Proc. § 338(d). Finally, a claim for unfair business practices in violation of Cal. Bus. & Prof. Code § 17200 et seq. must be brought within four years. Id. at § 17208. Mr. Wells died from complications of the second valve replacement surgery on October 9, 2009. Plaintiffs filed the instant action on November 12, 2013, over four years after Mr. Wells' death. As such, Defendants contend that Plaintiffs failed to file their action within the requisite time period for each claim. Plaintiffs nonetheless argue that under the so-called discovery

rule, the claims did not accrue until the November 23, 2011 deposition where Plaintiffs learned, for the first time, that the chart provided to physicians contained false and fraudulent information. ECF No. 13 at 8.

The discovery rule is an exception to the general rule in California for defining the accrual of a cause of action. Norgart v. Upjohn Co., 21 Cal. 4th 383, 397 (1999). The rule "postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover the cause of action." Id. The California Supreme Court has indicated that there is a general rebuttable presumption that plaintiffs have knowledge of the wrongful cause of their injury. Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797, 808 (2005). To rely on the discovery rule, a plaintiff must conduct a reasonable investigation of all potential causes of their injury. Id. If the investigation would have disclosed a factual basis for the cause of action, the statute of limitations begins to run when that investigation would have brought the information to light. Id. at 809; see also Jolly v. Eli Lilly Co., 44 Cal. 3d 1103, 1110 (1988) ("[T]he statute of limitations begins to run when the plaintiff suspects or should suspect that her injury was caused by wrongdoing, that someone has done something wrong to her.").

Here, the question of whether Plaintiffs should have discovered their claims against Defendants earlier is not easily answered. As Plaintiffs argue, there was perhaps no reason to suspect that decedent's injuries were caused by Defendants' alleged inclusion of fraudulent information in the charts provided to physicians. On the other hand, Plaintiffs were aware that the valve was functioning properly, and that Mr. Wells' problems were due to PPM because the valve was too small. Pls.' Compl. at 5; ECF No. 1-1 at 7. It would certainly be reasonable for a plaintiff claiming medical malpractice to have investigated the reasons behind a physician's decision to implant a certain valve size. In conducting such an investigation, it would also seem reasonable, and even probable, that the chart relied on by the surgeons would be produced. Discovery of the chart may have led a plaintiff to suspect that the data or information included in the chart was somehow incorrect. Conversely, due to the nature of fraud, it

may not be unreasonable for a plaintiff to fail to suspect that the chart contained misleading or false information.

In considering issues like those enumerated above, the California Supreme Court has indicated that whether or not a plaintiff's investigation into their injury was reasonable is a question of fact, more properly decided on summary judgment than in the context of the present motion to dismiss.  See Fox, 35 Cal. 4th at 815 (indicating that the duty to be diligent in discovering facts that would delay accrual of a cause of action ensures that plaintiffs who "wait for the facts" will be unable to successfully avoid summary judgment against them on statute of limitations grounds); see also E-Fab, Inc. v. Accountants, Inc. Servs., 153 Cal. App. 3d 1308, 1320 (2007) (Once properly pleaded, belated discovery is a question of fact).  Regardless, California law is clear that the burden is on the plaintiff to establish diligence in investigating the cause of injury.  Grisham v. Philip Morris U.S.A., Inc., 40 Cal. 4th 623, 638 (2007).  Accordingly, where a claim would be barred without the benefit of the discovery rule, a plaintiff ". . . must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence."  Id. (internal citations and quotations omitted) (emphasis in original).  Conclusory allegations will not withstand a demurrer.[7] Id.

Plaintiffs' Complaint alleges that on "November [23], 2011, Plaintiffs first learned of the existence of the subject chart and its role in misleading the treating healthcare providers in the selection of the 21 mm valve."  Pls.' Compl. at 5; ECF No. 1-1 at 7. Plaintiffs further state "this information first came to light during a deposition on November [23], 2011.  Despite Plaintiffs' diligent investigation of the circumstances surrounding Mr. Wells' injury, [they] could not have reasonably discovered this information before that time."  Id.  Apart from these allegations, Plaintiffs' Complaint is silent regarding any facts surrounding the investigation into the cause of Mr. Wells'

---

[7] A demurrer is the "California equivalent of a motion to dismiss on the pleadings under Federal Rule of Civil Procedure 12(b)(6).  Estate of Tucker ex rel. Tucker v. Interscope Records, Inc., 515 F.3d 1019, 1033 fn. 14 (9th Cir. 2008).

injury.  Plaintiffs bear the burden of establishing diligence, and must specifically plead facts to show the inability to have made earlier discovery.  Grisham, 40 Cal. 4th at 638.  Plaintiffs' conclusory allegations that the information could not have been discovered before the November 23 deposition do not meet this threshold, and cannot therefore save the Complaint from a motion to dismiss.  Accordingly, Defendants' Motion must be granted with leave to amend.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 8) is GRANTED and Plaintiffs' Complaint is dismissed, with leave to amend.  Plaintiffs may (but are not required to) amend their Complaint not later than twenty (20) days after the date this Memorandum and Order is electronically filed.  If no amended complaint is filed within said twenty (20) day period, without further notice to the parties, this Complaint will be dismissed with prejudice.

IT IS SO ORDERED.

Dated:  May 22, 2014

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT