ERIC J. RATINOFF / SBN: 166204
MARLA C. STRAIN SBN: 132142
**KERSHAW CUTTER & RATINOFF, LLP**
401 Watt Avenue
Sacramento, CA 95864
Telephone: (916) 448-9800
Facsimile: (916) 669-4499
Email: eratinoff@kcrlegal.com
Email: apease@kcrlegal.com

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARLENE WELLS and MICHAEL WELLS, | Case No.: 2:14-CV-00606-MCE-KJN |
| Plaintiffs, | **FIRST AMENDED COMPLAINT** |
| v. | 1. **Fraud–Intentional Misrepresentation** |
| SORIN GROUP USA, INC.; CARBOMEDICS, INC.; DEANNA PAULEY; and DOES 1 through 50, inclusive, | 2. **Fraud – Intentional Concealment** |
| | 3. **Actual Fraud** |
| | 4. **Negligent Misrepresentation** |
| Defendants. | 5. **Negligence** |
| | 6. **Intentional Infliction of Emotional Distress** |
| | 7. **Negligent Infliction of Emotional Distress** |
| | 8. **Business and Professions Code section 17200** |
| | 9. **Wrongful Death** |

Plaintiffs, ARLENE WELLS and MICHAEL ALLEN WELLS, complain of Defendants, SORIN GROUP USA, INC.; CARBOMEDICS, INC.; DEANNA PAULEY; and DOES 1 through 50, inclusive, and each of them, and alleges as follows:

## GENERAL ALLEGATIONS

1. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants, DOES 1 through 50, inclusive, are unknown to Plaintiffs, who therefore sues such Defendants by such fictitious names, and Plaintiffs will amend their complaint to show their true names and capacities when

1

the same have been ascertained. Plaintiffs is informed and believes and thereon alleges that each of Defendants, DOES 1 through 50, inclusive, is responsible under law in some manner, negligently, in warranty, strictly, or otherwise, for the events and happenings herein referred to and proximately thereby caused injuries and damages to Plaintiffs as herein alleged.

2.   Plaintiff ARLENE WELLS is the surviving spouse of her husband, GERALD WELLS, deceased.   Plaintiff MICHAEL ALLEN WELLS is the surviving child of his father, GERALD WELLS, deceased.  Plaintiffs are the sole heirs of, GERALD WELLS.  Plaintiffs are now, and at all times herein mentioned were, citizens of and residents within the State of California.

3.   Plaintiffs are entitled to bring an action for the wrongful death of decedent, GERALD WELLS, pursuant to Code of Civil Procedure section 377.60 as the surviving spouse and child, and heirs at law of GERALD WELLS, who died on October 7, 2009.

4.  Defendant DEANNA PAULEY is joined as a nominal defendant in this action pursuant to Code of Civil Procedure section 382 for the reason that Plaintiffs are not in contact with her and her consent to be joined as plaintiff was unobtainable.

5.   Defendant SORIN GROUP USA, INC. is a corporation incorporated under the laws of the State of Delaware with its principal place of business located at 14401 West 65th Way, Arvada, Colorado 80004.

6.   Defendant CARBOMEDICS, INC. is a corporation incorporated under the laws of the State of Delaware with its principal place of business located at 14401 West 65th Way, Arvada, Colorado 80004.

7.   Defendant SORIN GROUP USA, INC. is the parent company of defendant CARBOMEDICS, INC.

2

8. This Court has jurisdiction because Defendants conduct transactions and put products into the stream of commerce within the State of California, and the amount in controversy exceeds the minimal jurisdictional limitations of this Court.

9. Venue is proper in this Court because Defendants conduct transactions in this County which gives rise to the causes of action set forth herein.

10. Plaintiffs are informed and believe and thereon allege that, at all times herein mentioned, each of Defendants was the alter ego, co-conspirator, agent, employee, principal or employer of each of the remaining Defendants and was at all times acting within the course and scope of said relationships and each Defendant has authorized, ratified, and approved the acts of each of the remaining Defendants.

11. Plaintiffs are informed and believe and therefore allege that, at all times herein mentioned, Defendants SORIN GROUP USA, INC.; CARBOMEDICS, INC.; and DOES 1 through 50, inclusive (collectively referred to as "Sorin"), are now, and at all times herein mentioned were, global medical device corporations, licensed to do and doing business in the State of California, and engaged in the business of, among other things, researchers, formulators, testers, labelers, packagers, manufacturers, makers, producers, promoters, marketers, sellers, distributors, advertisers, suppliers, owners, possessors, operators, constructors, inspectors, maintainers, subcontractors, contractors, supervisors, and coordinators of medical technologies for cardiac surgery and for the treatment of cardiac rhythm disorders, including, but not limited to, the mitroflow aortic pericardial bioprosthesis heart valve ("the Valve"), which is designed to replace or repair native diseased or dysfunctional heart valves, for sale to hospitals, physicians and surgeons for the treatment and care of members of the general public.

12. The Valve produced by Sorin is a medical device as defined by Section 201 of the Federal Food, Drug, and Cosmetic Act (21 U.S.C., section 321(h).) and is regulated by the Food and Drug Administration ("FDA").

13.   The Valve received Premarket Approval ("PMA") by the FDA on October 23, 2007.

14.   In 2008, Plaintiffs' deceased spouse and father, GERALD WELLS, was diagnosed with moderate aortic stenosis.   His physician recommended that he undergo open heart surgery to have a diseased valve replaced.

15.   On August 28, 2008, Dr. Pompili preformed surgery replacing decedent, GERALD WELLS' diseased valve with the Valve produced by Sorin.

16.   One of the risks associated with the Valve is patient-prosthesis mismatch ("PPM"), which may cause complications, including the death of the patient.   PPM occurs when a Valve's effective orifice area ("EOA") is too small in relation to the patient's body surface area ("BSA").

17.   Sorin includes a chart with the Valve ("the Chart") that directs, instructs, guides, and informs physicians, surgeons, and health care providers in determining the sizing of the Valve to be implanted into a patient's body.   Sorin intends, knows, or should have known that the Chart would be used by physicians, surgeons, and health care providers, including by not limited to Dr. Pompili, to determine the sizing of the Valve to be implanted into a patient's body and to assess the risk of PPM.

18.   In determining and selecting the size of the Valve to be implanted in Mr. Wells, his surgeon relied upon and utilized the Chart provided by Sorin. According to the Chart, a twenty-one (21) millimeter valve fell within the "acceptable" to the top (most minimal) of the "marginal mismatch" range, presenting only a small likelihood of creating PPM for someone with Mr. Wells' BSA.   A true and correct copy of the chart relied upon by Dr. Pompili is attached hereto as Exhibit A and incorporated by reference herein.

19.   Based upon Sorin's representations in the Chart, Mr. Wells' surgeon selected and implanted a twenty-one (21) millimeter mitroflow aortic pericardial bioprosthesis heart valve manufactured and distributed by Sorin, in Mr. Wells.

4

20.  In February 2009, Plaintiffs' deceased spouse and father, GERALD WELLS, returned to the hospital with symptoms of shortness of breath, lack of energy, and chest pains with exertion. Mr. Wells was evaluated by several doctors and cardiologists and underwent several tests.  It was determined that the valve was functioning correctly and there was no definitive diagnosis regarding the cause of Mr. Well's symptoms.

21. Subsequently, Mr. Wells' was seen by Dr. Steven Laviola, a cardiologist, who determined that Mr. Wells had severe PPM, recommended a second surgery to replace the Valve that had been implanted during the August 28, 2008 surgery, and referred Mr. Wells back to Dr. Pompili for the replacement surgery.  Dr. Pompili disagreed with Dr. Laviola's diagnosis of severe PPM.  Thereafter, Dr. Laviola referred Mr. Wells to another cardiac surgeon who concurred with Dr. Laviola's diagnosis of severe PPM and preformed surgery to replace the Valve on October 5, 2009.  During this surgery, Mr. Wells was implanted with a twenty-three (23) millimeter mechanical valve of a different make and model that the Valve originally implanted in Mr. Wells.

22.  Plaintiffs' deceased spouse and father, GERALD WELLS, died on October 7, 2009 as a result of severe acidosis, which resulted as a complication of the October 5, 2009 surgery to correct the placement of the undersized valve that was chosen and implanted on August 28, 2009 pursuant to the subject Chart provided, intended and known by Sorin to be used by doctors, surgeons and health care providers to direct, instruct, guide, and inform them in determining the sizing of the Valve to be implanted into a patient's body and the assessment of the risk of PPM.

23.  Plaintiffs timely filed a demand for arbitration against GERALD WELLS' healthcare providers for his wrongful death.  At that time, Plaintiffs had been informed that the Valve had been functioning correctly. During the course of the litigation related to the arbitration for wrongful death, Plaintiffs conducted

discovery regarding the circumstances surrounding Mr. Wells' injury.  Plaintiffs obtained a copy of the Chart used by Dr. Pompili, Exhibit A, which indicated that the twenty-one (21) millimeter Valve was not too small for Mr. Wells.  At that time Plaintiffs had no knowledge, nor should they have known, that the Chart upon which Mr. Well's surgeon relied to choose the twenty-one (21) millimeter Valve he implanted into Mr. Wells was false, misleading, and/or based upon data and information which was different from the data or information which Sorin had submitted to the FDA in order to receive PMA approval in October 2007.

24.  Plaintiffs first learned of the Chart's misrepresentations and its role in misleading the treating healthcare providers in the selection of the twenty-one (21) millimeter valve implanted into Mr. Wells on November 23, 2011 when Plaintiffs took the deposition of defendant's expert, Dr. Giardini, shortly before the scheduled arbitration.  Dr. Giardini testified that after Mr. Wells' surgery, scholarly articles were published stating that Sorin's charts are misleading and Sorin did not use the data from the valve study that they submitted to the FDA.  He further testified that, looking at a chart reconstructed using the actual data Sorin submitted to the FDA, attached hereto as Exhibit B and incorporated by reference herein, Mr. Wells' values had, in fact, placed him well within the severe PPM range.

25. Prior to November 23, 2011 the information obtained through Plaintiffs' diligent investigation did not provide any reason to suspect that the Chart provided by Sorin to doctors, surgeons and health care providers for use to determine the sizing of the Valve to be implanted into a patient's body and to assess the risk of PPM contained false and misleading information.  Indeed, prior to November 23, 2011, Plaintiffs' diligent investigation of the circumstances surrounding Mr. Wells' injury, did not disclose a basis upon which to assert a claim against Sorin.

25. The arbitrator rendered an award on behalf of the healthcare provider after hearing testimony that it was within the standard of care for Mr. Well's healthcare provider to rely on the Chart provided by Sorin  and that the Chart

6

provided false and misleading information regarding the sizing of the Valve to be implanted into a patient's body and the assessment of the risk of PPM.

26.  As distributors of a device regulated by the FDA, Sorin is required to comply with the branding and labeling requirement set forth in 21 U.S.C., section 352.  These branding and labeling requirements are intended to protect consumers and patients from false claims regarding medical devices as such claims pose a serious risk to patients' health and safety.

27.  21 U.S.C., section 352(a) provides, "A drug or device shall be deemed to be misbranded...[i]f its labeling is false or misleading in any particular."  The Chart that Defendants include with the Valve violates this section because the Chart contains false, incorrect and/or misleading information with respect to the sizing of the Valve to be implanted into a patient's body.  Furthermore, the Chart is false, incorrect and misleading because it contains information that is different from the information Sorin provided to the FDA to obtain PMA for the device.

Plaintiffs ARLENE WELLS and MICHAEL ALLEN WELLS complain of defendants, SORIN GROUP USA, INC.; CARBOMEDICS, INC.; and DOES 1 through 50, and each of them, as for a First Cause of Action, allege as follows:

## FIRST CAUSE OF ACTION

### (Fraud – Intentional Misrepresentation – Against Defendants SORIN GROUP USA, INC.; CARBOMEDICS, INC.; and DOES 1 through 50, inclusive)

28.  Plaintiffs reallege and reaffirm each and every paragraph and allegation above as if fully written herein.

29.  Defendants, and each of them, made representations to GERALD WELLS' physician as to an existing material fact concerning valve replacement, to wit: that the valve size indicated on the Chart provided with the Valve was in the "acceptable" to the top (most minimal) of the "marginal mismatch" range, presenting only a small likelihood of creating PPM for someone with Mr. Wells' BSA.  At the time the representations were made, Defendants knew or with

reckless disregard failed to know that they were false, and/or made the representations recklessly and without regard for its truth.

30. Defendants made the representations with the intent to defraud GERALD WELLS' physician and Plaintiffs, in that they made the representations for the purpose of inducing GERALD WELLS' physician and Plaintiffs to rely upon them, and to act or refrain from acting in reliance thereon.

31. GERALD WELLS' physician and Plaintiffs were unaware of the falsity of the representations, and they acted in reliance upon the truth of the representations, and they were justified in relying upon the representations.

32. In doing the acts as alleged hereinabove, Defendants, and each of them, acted recklessly and in violation of fundamental public policy and in violation of all regulations for medical device distributors, in reckless disregard of the health, life, and safety of members of the public, including but not limited to GERALD WELLS.

33. As a proximate result of the conduct of Defendants, and each of them, GERALD WELLS was hurt and injured in his health, strength, and activity, sustaining injury to his body and shock and injury to his nervous system and person, including his death, all of which said injuries caused Plaintiff great mental, physical and nervous pain and suffering.

34. As a further proximate result of the said conduct of Defendants, and each of them, GERALD WELLS was prevented from attending his usual occupation and Plaintiffs are informed and believe and therefore allege that he will thereby be prevented from attending to his usual occupation due to his death, all to Plaintiffs' further damage in an amount unknown at this time, and Plaintiffs will ask leave to amend their complaint to show the exact amount from the date of Plaintiffs' Code of Civil Procedure § 998 offer to compromise.

33. Plaintiffs are informed and believe that at all times herein mentioned, the Defendants, and each of them, knew or with reckless disregard failed to know

FIRST AMENDED COMPLAINT
Case No.: 2:14-CV-00606-MCE-KJN

that the representation(s) in the Chart were incorrect, false and/or misleading and the probability that said representation(s) would cause injury to unsuspecting patients, including Plaintiffs and GERALD WELLS.   Defendants willfully, knowingly, maliciously, oppressively and fraudulently researched, formulated, promoted, manufactured, marketed, sold, supplied and distributed the Chart to be used in treating patients and members of the general public, including GERALD WELLS.   Defendants' willful, knowing, malicious, oppressive, fraudulent, and callous conduct in conscious disregard for the legal rights, health and safety of members of the public including GERALD WELLS and Plaintiffs, justifies the awarding of exemplary and punitive damages in an amount to be determined at trial.

34.   Plaintiffs are further informed and believe and thereon allege that Defendants made a conscious decision to place the fraudulent, mistaken and/or incorrect Chart into the marketplace and/or consciously knew, or with reckless disregard failed to know, that said Chart contained false, mistaken and/or incorrect information and yet chose to allow this product to stay in the marketplace, for their own financial purposes, rather than putting patient safety first by recalling and replacing such false, mistaken and/or incorrect product, and by putting their own selfish financial interests ahead of members of the general public, acted in a despicable manner and in willful and conscious disregard of members of the general public who relied on Defendants' implied representations that said products were safe.   By doing the aforementioned things, Defendants are guilty of malice, oppression and fraud, and Plaintiff is entitled to an award of exemplary and punitive damages in an amount to be determined at trial.

35.   Plaintiffs are further informed and believe and thereon allege that Defendants made a conscious decision to base the Chart upon data different from that submitted to the FDA in order to secure PMA approval of the Valve, and knowingly, intentionally, and fraudulently failed to disclose that the Chart

9

distributed to the marketplace was based upon different data than that used to secure FDA approval and/or consciously knew, or with reckless disregard failed to know, that said Chart was based upon different, mistaken and/or incorrect information and yet chose to allow this product to stay in the marketplace, for their own financial purposes, rather than putting patient safety first by recalling and replacing such false, mistaken and/or incorrect product, and by putting their own selfish financial interests ahead of members of the general public, acted in a despicable manner and in willful and conscious disregard of members of the general public who relied on Defendants' implied representations that said products were safe. By doing the aforementioned things, Defendants are guilty of malice, oppression and fraud, and Plaintiff is entitled to an award of exemplary and punitive damages in an amount to be determined at trial.

Plaintiffs complain of Defendants, SORIN GROUP USA, INC.; CARBOMEDICS, INC.; and DOES 1 through 50, and each of them, and as for a Second Cause of Action alleges as follows:

## SECOND CAUSE OF ACTION

### (Fraud – Intentional Concealment – Against Defendants SORIN GROUP USA, INC.; CARBOMEDICS, INC.; and DOES 1 through 50, inclusive)

36. Plaintiffs reallege and reaffirm each and every paragraph and allegation above as if fully written herein.

37. Defendants, and each of them, concealed or suppressed material facts concerning the risks of PPM associated with the valves, and Defendants were under a legal duty to disclose said information to Plaintiffs and GERALD WELLS' physicians. Said duty was based, in part, on the FDA branding and labeling requirements under 21 U.S.C., section 352.

38. Defendants, and each of them, intentionally concealed or suppressed facts, including but not necessarily limited to, the fact that the data used to support the Chart utilized by Mr. Well's physicians was different from the data submitted

by Sorin to the FDA to gain PMA approval of the Valve, the fact that the data submitted by Sorin to the FDA supported a different sizing determination than was indicated by the Chart distributed with the product and the fact that the data submitted by Sorin to the FDA indicated that the Valve size implanted in Mr. Wells placed him well within the severe range for PPM. Defendants, and each of them, intentionally concealed or suppressed these facts, with the intent to defraud Plaintiffs, Mr. Wells and his physician and neither Plaintiffs nor GERALD WELLS would have acted as they did had they known of the concealed or suppressed facts.

39.  In doing the acts alleged hereinabove, Defendants, and each of them, acted recklessly and in violation of fundamental public policy and in violation of regulations for manufactures and distributors of medical devices, in reckless disregard of the health, life and safety of members of the public, including but not limited to GERALD WELLS and Plaintiffs.

40.  As a proximate result of the conduct of Defendants, and each of them, GERALD WELLS was hurt and injured in his health, strength and activity, and sustaining injury to his body and shock and injury to his nervous system and person, including his death, all of which said injuries have caused Plaintiffs great mental, physical and nervous pain and suffering.

41.  As a further proximate result of said conduct of Defendants, and each of them, GERALD WELLS was prevented from attending to his usual occupation and Plaintiffs are informed and believe and therefore allege, that he will thereby be prevented from attending to his usual occupation due to his death, all to Plaintiffs' further damage in an amount unknown at this time, and Plaintiffs will ask leave to amend their complaint to show the exact amount when determined. Further, Plaintiffs are entitled to prejudgment interest on said amount from the date of Plaintiffs' Code of Civil Procedure § 998 offer to compromise.

FIRST AMENDED COMPLAINT
Case No.:  2:14-CV-00606-MCE-KJN

42.   Plaintiffs are informed and believe that at all times herein mentioned, the Defendants, and each of them, knew or with reckless disregard failed to know that the representation(s) in the Chart were incorrect, false and/or misleading and the probability that said representation(s) would cause injury to unsuspecting patients, including Plaintiffs and GERALD WELLS.   Defendants willfully, knowingly, maliciously, oppressively and fraudulently researched, formulated, promoted, manufactured, marketed, sold, supplied and distributed the Chart to be used in treating patients and members of the general public, including GERALD WELLS.   Defendants' willful, knowing, malicious, oppressive, fraudulent, and callous conduct in conscious disregard for the legal rights, health and safety of members of the public including GERALD WELLS and Plaintiffs, justifies the awarding of exemplary and punitive damages in an amount to be determined at trial.

43.   Plaintiffs are further informed and believe and thereon allege that Defendants made a conscious decision to place the fraudulent, mistaken and/or incorrect Chart into the marketplace and/or consciously knew, or with reckless disregard failed to know, that said Chart contained false, mistaken and/or incorrect information and yet chose to allow this product to stay in the marketplace, for their own financial purposes, rather than putting patient safety first by recalling and replacing such false, mistaken and/or incorrect product, and by putting their own selfish financial interests ahead of members of the general public, acted in a despicable manner and in willful and conscious disregard of members of the general public who relied on Defendants' implied representations that said products were safe.   By doing the aforementioned things, Defendants are guilty of malice, oppression and fraud, and Plaintiffs are entitled to an award of exemplary and punitive damages in an amount to be determined at trial.

44.   Plaintiffs are further informed and believe and thereon allege that Defendants made a conscious decision to base the Chart upon data different from

12

that submitted to the FDA in order to secure PMA approval of the Valve, and knowingly, intentionally, and fraudulently failed to disclose that the Chart distributed to the marketplace was based upon different data than that used to secure FDA approval and/or consciously knew, or with reckless disregard failed to know, that said Chart was based upon different, mistaken  and/or incorrect information and yet chose to allow this product to stay in the marketplace, for their own financial purposes, rather than putting patient safety first by recalling and replacing such false, mistaken and/or incorrect product, and by putting their own selfish financial interests ahead of members of the general public, acted in a despicable manner and in willful and conscious disregard of members of the general public who relied on Defendants' implied representations that said products were safe.  By doing the aforementioned things, Defendants are guilty of malice, oppression and fraud, and Plaintiff is entitled to an award of exemplary and punitive damages in an amount to be determined at trial.

Plaintiffs complain of Defendants, SORIN GROUP USA, INC.; CARBOMEDICS, INC.; and DOES 1 through 50, and each of them, and as for a Third Cause of Action alleges as follows:

## THIRD CAUSE OF ACTION

### (Actual Fraud – Against Defendants SORIN GROUP USA, INC.; CARBOMEDICS, INC.; and DOES 1 through 50, inclusive)

45.  Plaintiffs reallege and reaffirm each and every paragraph and allegation above as if fully written herein.

46.   Defendants, and each of them, engaged in some or all of the following acts with respect to their relationship to Plaintiffs and GERALD WELLS with the intent to deceive:

> (1) The suggestion, as a fact, of that which is not true, by one who does not believe to be true;

(2)  The positive assertion, in a manner not warranted by the information of the person making it, of that which is not true, though he believes it to be true;

(3) The suppression of that which is true, by one having knowledge or belief of the fact;

(4) A promise made without any intention of performing it; or

(5) Any other act or conduct carried out by Defendants fitted to deceive.

47.  The acts complained of herein and performed by Defendants, and each of them, were in violation of the provisions of California Civil Code section 1572.

48.  Defendants, and each of them, are guilty of oppression, fraud, or malice with respect to the misrepresentations made to Plaintiffs and GERALD WELLS' physician regarding the risks associated with the valves and the proper use of valves of certain sizes based on GERALD WELLS' BSA.  With respect to the corporate Defendants herein, their advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice carried out by an officer, director, or managing agent of the corporation subjects them to liability for the acts of the individuals herein.

49.  More specifically, Defendants, and each of them, acted with malice – conduct which was intended by Defendants to cause injury to Plaintiffs and GERALD WELLS, or despicable conduct which was carried on by Defendants with a willful conscious disregard of the rights or safety of others.  Likewise, Defendants acted in an oppressive manner—conducting themselves in a manner defined as despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights.

/ / /

50.  In doing the acts as alleged hereinabove, Defendants, and each of them, acted recklessly and in violation of fundamental public policy and in violation of

all ethical standards for medical professionals, in reckless disregard for health, life and safety of the GERALD WELLS and Plaintiffs for a period of time in the future, all to Plaintiffs' further damage in an amount unknown at this time.

51.   As a proximate result of the conduct of Defendants, and each of them, GERALD WELLS was hurt and injured in his health, strength and activity, sustaining injury to his body and shock and injury to his nervous system and person, including his death, all of which said injuries have caused Plaintiffs great mental, physical and nervous pain and suffering.

52.   As a further proximate result of the said conduct of Defendants, and each of them, GERLAD WELLS was prevented from attending his usual occupation and Plaintiffs are informed and believe and therefore allege, that he will thereby be prevented from attending to his usual occupation due to his death, all to Plaintiffs' further damage in an amount unknown at this time, and Plaintiffs will ask leave to amend their complaint to show the exact amount when determined. Further, Plaintiffs are entitled to prejudgment interest on said amount from the date of Plaintiffs' Code of Civil Procedure § 998 offer to compromise.

53.   Plaintiffs are informed and believe that at all times herein mentioned, the Defendants, and each of them, knew or with reckless disregard failed to know that the representation(s) in the Chart were incorrect, false and/or misleading and the probability that said representation(s) would cause injury to unsuspecting patients, including Plaintiffs and GERALD WELLS.   Defendants willfully, knowingly, maliciously, oppressively and fraudulently researched, formulated, promoted, manufactured, marketed, sold, supplied and distributed the Chart to be used in treating patients and members of the general public, including GERALD WELLS.   Defendants' willful, knowing, malicious, oppressive, fraudulent, and callous conduct in conscious disregard for the legal rights, health and safety of members of the public including GERALD WELLS and Plaintiffs, justifies the

1  awarding of exemplary and punitive damages in an amount to be determined at

2  trial.

3      54.   Plaintiffs are further informed and believe and thereon allege that

4  Defendants made a conscious decision to place the fraudulent, mistaken and/or

5  incorrect Chart into the marketplace and/or consciously knew, or with reckless

6  disregard failed to know, that said Chart contained false, mistaken and/or incorrect

7  information and yet chose to allow this product to stay in the marketplace, for their

8  own financial purposes, rather than putting patient safety first by recalling and

9  replacing such false, mistaken and/or incorrect product, and by putting their own

10  selfish financial interests ahead of members of the general public, acted in a

11  despicable manner and in willful and conscious disregard of members of the

12  general public who relied on Defendants' implied representations that said

13  products were safe.  By doing the aforementioned things, Defendants are guilty of

14  malice, oppression and fraud, and Plaintiffs are entitled to an award of exemplary

15  and punitive damages in an amount to be determined at trial.

16      Plaintiffs complain of Defendants, SORIN GROUP USA, INC.;

17  CARBOMEDICS, INC.; and DOES 1 through 50, and each of them, and as for a

18  Fourth Cause of Action alleges as follows:

19                    **FOURTH CAUSE OF ACTION**

20  **(Negligent Misrepresentation – Against Defendants SORIN GROUP USA,**

21      **INC.; CARBOMEDICS, INC.; and DOES 1 through 50, inclusive)**

22      55.  Plaintiffs reallege and reaffirm each and every paragraph and allegation

23  above as if fully written herein.

24      56.  Defendants, and each of them, made a representation to Plaintiffs and

25  GERALD WELLS' physician as to a past or existing material fact with respect to

26  the determination of the proper sizing of GERALD WELLS' valve replacement

27  and the assessment of the risk of PPM, and the representations were false, incorrect

28  and misleading.

FIRST AMENDED COMPLAINT
Case No.:  2:14-CV-00606-MCE-KJN

57.  Regardless of Defendants' actual beliefs, Defendants had no reasonable ground for believing the representations were true when they made it. Additionally, Defendants knew, or in the exercise of reasonable care should have known, there was no reasonable basis to believe the representations were true.

58.  Defendants made the representations with the intent to induce Plaintiffs and GERALD WELLS' physician to rely upon them.

59.  Plaintiffs and GERALD WELLS' physician did, in fact, rely on the representations, acted in reliance upon the truth of the facts stated, and were justified in relying upon the representations.

60.  As a legal result of the conduct of Defendants, Plaintiffs suffered the injuries and damages more fully described herein above.

61.  In doing the acts as alleged hereinabove, Defendants, and each of them, acted recklessly and in violation of fundamental public policy and in violation of regulations for manufacturers and distributors of medical devices, in reckless disregard of the health, life and safety of GERALD WELLS.

62.  As a proximate result of the conduct of Defendants, and each of them, GERALD WELLS was hurt and injured in his health, strength and activity, sustaining injury to his body and shock and injury to his nervous system and person, including his death, all of which said injuries have caused Plaintiffs great mental, physical and nervous pain and suffering.

63.  As a further proximate result of the said conduct of Defendants, and each of them, GERALD WELLS was prevented from attending to his usual occupation and Plaintiffs are informed and believes and therefore alleges, that he will thereby be prevented from attending to his usual occupation due to his death, all to Plaintiffs' further damage in an amount unknown at this time, and Plaintiffs will ask leave to amend their complaint to show the exact amount when determined. Further, Plaintiffs are entitled to prejudgment interest on said amount from that date of Plaintiffs' Code of Civil Procedure §998 offer to compromise.

Plaintiffs complain of Defendants, SORIN GROUP USA, INC.; CARBOMEDICS, INC.; and DOES 1 through 50, and each of them, and as for a Fifth Cause of Action alleges as follows:

## FIFTH CAUSE OF ACTION

### (Negligence – Against Defendants SORIN GROUP USA, INC.; CARBOMEDICS, INC.; and DOES 1 through 50, inclusive)

64. Plaintiffs reallege and reaffirm each and every paragraph and allegation above as if fully written herein.

65. Defendants, and each of them, negligently provided false and misleading information to physicians regard the determination of the sizing of the Valve and the risks of PPM, knowing that doctors relied on such information when providing care to patients, which proximately caused the hereinafter described injuries and damages to Plaintiffs.

66. As a proximate result of the conduct of Defendants, and each of them, GERALD WELLS was hurt and injured in his health, strength and activity, sustaining injury to his body and shock and injury to his nervous system and person, including his death, all of which said injuries have caused Plaintiffs great mental, physical and nervous pain and suffering.

67. As a further proximate result of the said conduct of Defendants, and each of them, GERALD WELLS was prevented from attending to his usual occupation and Plaintiffs are informed and believe and therefore allege, that he will thereby be prevented from attending to his usual occupation due to his death, all to Plaintiffs' further damage in an amount unknown at this time, and Plaintiffs will ask leave to amend their compliant to show the exact amount when determined. Further, Plaintiffs are entitled to prejudgment interest on said amount from the date of Plaintiffs' Code of Civil Procedure § 998 offer to compromise.

1   Plaintiffs complain of Defendants, SORIN GROUP USA, INC.;

2   CARBOMEDICS, INC.; and DOES 1 through 50, and each of them, and as for a

3   Sixth Cause of Action alleges as follows:

## SIXTH CAUSE OF ACTION

**(Intentional Infliction of Emotional Distress – Against Defendants SORIN GROUP USA, INC.; CARBOMEDICS, INC.; and DOES 1 through 50, inclusive)**

8   68.  Plaintiffs reallege and reaffirm each and every paragraph and allegation

9   above as if fully written herein.

10   69.  Defendants, and each of them, engaged in outrageous unprivileged

11   conduct that was either intended to cause harm to Plaintiffs and GERALD WELLS

12   or was done in reckless disregard of the probability of causing Plaintiffs to suffer

13   emotional distress.

14   70.  As a legal result of the conduct of Defendants, Plaintiffs suffered severe

15   emotional distress including, but not limited to, mental distress, mental suffering,

16   mental anguish, unpleasant mental reactions such as fright, nervousness, grief,

17   anxiety, worry, shock, humiliation and indignity, as well as physical pain.

18   Furthermore, as a legal result of the conduct of Defendants, Plaintiffs suffered

19   severe emotional distress of such substantial quantity and enduring quality that no

20   reasonable person in a civilized society should be expected to endure it.  Therefore,

21   they are entitled to general damages as is described more fully herein above.

22   71.  In doing the acts as alleged hereinabove, Defendants, and each of them,

23   acted recklessly and in violation of fundamental public policy and in violation of

24   regulations for manufacturers and distributors of medical devices, in reckless

25   disregard of the health, life, and safety of Plaintiffs.

26   72.  As a proximate result of the conduct of Defendants, and each of them,

27   GERALD WELLS was hurt and injured in his health, strength and activity,

28   sustaining injury to his body and shock and injury to his nervous system and

19

1   person, including his death, all of which said injuries have caused Plaintiffs great

2   mental, physical and nervous pain and suffering.

3       73.   As a further proximate result of the said conduct of Defendants, and

4   each of them, GERALD WELLS was prevented from attending to his usual

5   occupation and Plaintiffs are informed and believes and therefore allege, that he

6   will thereby be prevented from attending to his usual occupation due to his death,

7   all to Plaintiffs' further damage in an amount unknown at this time, and Plaintiffs

8   will ask leave to amend their complaint to show the exact amount when

9   determined. Further, Plaintiffs are entitled to prejudgment interest on said amount

10  from the date of Plaintiffs' Code of Civil Procedure § 998 offer to compromise.

11      74.   Plaintiffs are informed and believe that at all times herein mentioned,

12  the Defendants, and each of them, knew or with reckless disregard failed to know

13  that the representation(s) in the Chart were incorrect, false and/or misleading and

14  the probability that said representation(s) would cause injury to unsuspecting

15  patients, including Plaintiffs and GERALD WELLS.   Defendants willfully,

16  knowingly, maliciously, oppressively and fraudulently researched, formulated,

17  promoted, manufactured, marketed, sold, supplied and distributed the Chart to be

18  used in treating patients and members of the general public, including GERALD

19  WELLS.   Defendants' willful, knowing, malicious, oppressive, fraudulent, and

20  callous conduct in conscious disregard for the legal rights, health and safety of

21  members of the public including GERALD WELLS and Plaintiffs, justifies the

22  awarding of exemplary and punitive damages in an amount to be determined at

23  trial.

24      75.   Plaintiffs are further informed and believe and thereon allege that

25  Defendants made a conscious decision to place the fraudulent, mistaken and/or

26  incorrect Chart into the marketplace and/or consciously knew, or with reckless

27  disregard failed to know, that said Chart contained false, mistaken and/or incorrect

28  information and yet chose to allow this product to stay in the marketplace, for their

own financial purposes, rather than putting patient safety first by recalling and replacing such false, mistaken and/or incorrect product, and by putting their own selfish financial interests ahead of members of the general public, acted in a despicable manner and in willful and conscious disregard of members of the general public who relied on Defendants' implied representations that said products were safe.  By doing the aforementioned things, Defendants are guilty of malice, oppression and fraud, and Plaintiffs are entitled to an award of exemplary and punitive damages in an amount to be determined at trial.

Plaintiffs complain of Defendants, SORIN GROUP USA, INC.; CARBOMEDICS, INC.; and DOES 1 through 50, and each of them, and as for a Seventh Cause of Action alleges as follows:

## SEVENTH CAUSE OF ACTION

### (Negligent Infliction of Emotional Distress – Against Defendants SORIN GROUP USA, INC.; CARBOMEDICS, INC.; and DOES 1 through 50, inclusive)

76.  Plaintiffs reallege and reaffirm each and every paragraph and allegation above as if fully written herein.

77.  Defendants, and each of them, engaged in negligent conduct and in a willful violation of regulations, which directly caused Plaintiffs to suffer serious emotional distress.

78.  As a legal result of the negligent conduct and willful violation of regulations of Defendants, Plaintiffs suffered severe and/or serious emotional distress including, but not limited to, mental suffering, mental anguish, and unpleasant mental reactions such as fright, nervousness, grief, anxiety, worry, shock, humiliation and indignity, as well as physical pain. Therefore, Plaintiffs are entitled to general damages as is described fully herein above.

79.  In doing the acts as alleged hereinabove, Defendants, and each of them, acted recklessly and in violation of fundamental public policy and in violation of

21

regulations for manufacturers and distributors of medical devices, in reckless disregard of the health, life, and safety of Plaintiffs.

80. As a proximate result of the conduct of Defendants, and each of them, GERALD WELLS was hurt and injured in his health, strength and activity, sustaining injury to his body and shock and injury to his nervous system and person, including his death, all of which said injuries have caused Plaintiffs great mental, physical and nervous pain and suffering.

81. As a further proximate result of the said conduct of Defendants, and each of them, GERALD WELLS was prevented from attending to his usual occupation and Plaintiffs are informed and believe and therefore allege, that he will thereby be prevented from attending to his usual occupation due to his death, all to Plaintiffs' further damage in an amount unknown to this time, and Plaintiffs will ask leave to amend their complaint to show the exact amount when determined. Further, Plaintiffs are entitled to prejudgment interest on said amount from the date of Plaintiffs' Code of Civil Procedure §998 offer to compromise.

Plaintiffs complain of Defendants, SORIN GROUP USA, INC.; CARBOMEDICS, INC.; and DOES 1 through 50, and each of them, and as for an Eighth Cause of Action alleges as follows:

## EIGHTH CAUSE OF ACTION

**(Unfair Business Practices under Business and Professions Code section 17200 – Against Defendants SORIN GROUP USA, INC.; CARBOMEDICS, INC.; and DOES 1 through 50, inclusive)**

82. Plaintiffs reallege and reaffirm each and every paragraph and allegation above as if fully written herein.

83. Plaintiffs are informed and believe and thereupon alleges that at all times herein, Defendants, and each of them, knew or with reckless disregard failed to know that the Chart contained false, incorrect and misleading information which

it intends, knows, or should have known would be used in determining the sizing of the Valve to be implanted into a patient's body, including GERALD WELLS'.

84.   The business acts and practices of Defendant are unfair, unlawful and deceptive within the meaning of Business and Professions Code section 17200 et seq., in that such acts and practices are likely to deceive the public and are substantially damaging to consumers and contrary to public policy.   Consumers, physicians and patients, including Plaintiffs, GERALD WELLS and his physician, who rely on the representations and warranties made regarding the risks associated with the Valves and the proper use of Valves of certain sizes based on a patient's BSA, are injured by such false, incorrect and misleading representations.

85.   Moreover, Defendants' unlawful and unfair business practices present a continuing and ongoing threat to the public in that Defendants will continue to mislead and deceive the public regarding the safety of the affected Valves and Charts.

86.   Under Business and Professions Code section 17203, Plaintiffs seeks an order enjoining Defendants from engaging in the unfair and unlawful practices and acts identified herein.   Said Code section also provides for equitable monetary relief so as to preclude the retention of all monies improperly obtained by Defendant as a result of such practices and acts.

87.   Plaintiffs are informed and believe that at all times herein mentioned, the Defendants, and each of them, knew or with reckless disregard failed to know that the representation(s) in the Chart were incorrect, false and/or misleading and the probability that said representation(s) would cause injury to unsuspecting patients, including Plaintiffs and GERALD WELLS.   Defendants willfully, knowingly, maliciously, oppressively and fraudulently researched, formulated, promoted, manufactured, marketed, sold, supplied and distributed the Chart to be used in treating patients and members of the general public, including GERALD WELLS.   Defendants' willful, knowing, malicious, oppressive, fraudulent, and

callous conduct in conscious disregard for the legal rights, health and safety of members of the public including GERALD WELLS and Plaintiffs, justifies the awarding of exemplary and punitive damages in an amount to be determined at trial.

88.   Plaintiffs are further informed and believe and thereon allege that Defendants made a conscious decision to place the fraudulent, mistaken and/or incorrect Chart into the marketplace and/or consciously knew, or with reckless disregard failed to know, that said Chart contained false, mistaken and/or incorrect information and yet chose to allow this product to stay in the marketplace, for their own financial purposes, rather than putting patient safety first by recalling and replacing such false, mistaken and/or incorrect product, and by putting their own selfish financial interests ahead of members of the general public, acted in a despicable manner and in willful and conscious disregard of members of the general public who relied on Defendants' implied representations that said products were safe.  By doing the aforementioned things, Defendants are guilty of malice, oppression and fraud, and Plaintiffs are entitled to an award of exemplary and punitive damages in an amount to be determined at trial.

89.   Plaintiffs further seek attorney's fees and costs incurred as a result of bringing this action, under Code of Civil Procedure section 1021.5.

Plaintiffs complain of Defendants, SORIN GROUP USA, INC.; CARBOMEDICS, INC.; and DOES 1 through 50, and each of them, and as for a Ninth Cause of Action alleges as follows:

## NINTH CAUSE OF ACTION

### (Wrongful Death – Against Defendants SORIN GROUP USA, INC.; CARBOMEDICS, INC.; and DOES 1 through 50, inclusive)

90.   Plaintiffs reallege and reaffirm each and every paragraph and allegation above as if fully written herein.

91.  Plaintiff ARLENE WELLS was the spouse of the deceased GERALD WELLS as referenced herein. Plaintiff MICHAEL ALLEN WELLS was the child of the deceased GERALD WELLS as referenced herein.   At the time of the subject incident, the decedent was a citizen of and resident within the State of California.

92.   Defendants, and each of them, were negligent as referenced herein and proximately caused there hereinafter described injuries and damages to decedent, which resulted in the decedent's death.

93.  As a proximate result of the conduct of the defendants, and each of them, Plaintiffs have been wrongfully deprived of the love, support, services, comfort, protection, care and society of a kind, faithful, and loving husband and father, all to Plaintiffs' general damage in an amount to be determined at trial.

94.  As a further proximate result of the said conduct of the defendants, Plaintiffs were required to and did incur funeral and burial expenses in an amount to be determined at trial.   Further, Plaintiffs are entitled to prejudgment interest thereon from the date of Plaintiffs' Code of Civil Procedure § 998 offer to compromise.

PRAYER

WHEREFORE, Plaintiffs request of this Court the following relief, on behalf of themselves, the general public, and all others similarly situated:

 1. General damages in a sum in excess of the minimum jurisdictional limits of the Court;

 2. All loss of earnings according to proof;

 3. All funeral, burial, and other expenses according to proof;

 4. All loss of the decedent's care and support according to proof;

 5. For restitution to Plaintiffs of all funds unlawfully acquired by Defendant by means of any acts or practices declared by this Court to be in violation of Business and Professions Code section 17200 et seq.;

 6. For an injunction to prohibit Defendant from engaging in similar future unfair business practice complained of herein;

7.     Punitive damages in an amount sufficient to punish Defendants and deter the conduct described hereinabove in the future;

8.     Reasonable attorneys' fees;

9.     All costs of suit;

10.    Prejudgment interest;

11.    Such and other further relief as this Court may deem just and proper.

**JURY DEMAND**

To the full extent available, Plaintiffs demand a trial by jury.


Dated: June 11, 2014                    KERSHAW, CUTTER & RATINOFF LLP


By:    /s/ Eric J. Ratinoff
       Eric J. Ratinoff, SBN: 166204
       Marla C. Strain, SBN 132142
       401 Watt Avenue
       Sacramento, CA  95864
       Telephone: (916) 448-9800
       Facsimile:  (916) 669-4499
       *Counsel for Plaintiffs*

FIRST AMENDED COMPLAINT
Case No.: 2:14-CV-00606-MCE-KJN