UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ARLENE WELLS and MICHAEL
WELLS,

                Plaintiffs,

       v.

SORIN GROUP USA, INC.,
CARBOMEDICS, INC., DEANNA
PAULEY, and DOES 1 through 50,
inclusive,

                Defendants.

No.  2:14-cv-00606-MCE-KJN

**MEMORANDUM AND ORDER**

Through the present action, Arlene Wells and Michael Wells (collectively "Plaintiffs") seek redress from Sorin Group USA, Inc., and Carbomedics, Inc., (collectively "Defendants") for fraudulently providing false medical data to the healthcare providers of decedent Gerald Wells.  Now before the Court is Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint ("FAC").  That Motion, brought pursuant to Federal Rule of Civil Procedure 12(b)(6),[1] is made on grounds 1) that Plaintiffs' claims are barred by their respective statutes of limitations; 2) that the so-called "discovery rule" does not save Plaintiffs' claims from being time barred; 3) that Plaintiffs' claims are not

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

alleged with sufficient particularity; and 4) that the claims otherwise do not present a plausible claim for relief.  For the following reasons, Defendants' Motion is DENIED.[2]

# BACKGROUND[3]

Plaintiffs Arlene and Michael Wells are the surviving spouse and son of the deceased, Gerald Wells.  In 2008, Mr. Wells was diagnosed with moderate aortic stenosis, and his physician recommended he undergo surgery to have a diseased valve replaced.  On August 28, 2008, Mr. Wells underwent the valve replacement surgery and had his diseased valve replaced with a valve produced by Defendants ("the Valve").

The Valve chosen as a replacement by Mr. Wells' surgeon was a twenty-one millimeter mitroflow aortic pericardial bioprothesis heart valve manufactured and distributed by Defendants.  Mr. Wells' surgeon relied on a chart provided by Defendants ("the Chart") when choosing the particular Valve to use as a replacement for Mr. Wells. The Chart indicated that a twenty-one millimeter valve, such as the one chosen, presented only a small likelihood of creating patient-prosthesis mismatch ("PPM") for someone with Mr. Wells' body surface area ("BSA").

In February 2009, Mr. Wells returned to the hospital with symptoms of shortness of breath, lack of energy, and chest pains.  After evaluations by several doctors, it was determined that the Valve was functioning correctly.  However, a cardiologist ultimately determined that Mr. Wells had severe PPM, and recommended surgery to replace the Valve with a larger size valve.  On October 5, 2009, Mr. Wells underwent a second surgery to replace the twenty-one millimeter Valve with a twenty-three millimeter valve. Two days later, Mr. Wells died as a result of severe acidosis, which was a complication of the second replacement surgery.

---

[2] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).

[3] The following recitation of facts is taken, sometimes verbatim, from Plaintiffs' FAC. ECF No. 18.

1    Following Mr. Wells' death, Plaintiffs filed a demand for arbitration against
2  Mr. Wells' healthcare providers for wrongful death.  At that time, Plaintiffs claim they had
3  been informed that the Valve had been functioning correctly.  During the course of the
4  litigation involving the arbitration, Plaintiffs obtained a copy of the Chart previously used
5  by Mr. Wells' surgeon, which indicated the 21-millimeter valve was the proper size.
6  Plaintiffs claim that prior to November 23, 2011, they discovered no information through
7  their diligent investigation that would have suggested the chart contained false or
8  misleading information.  Additionally, Plaintiffs allege that prior to their discovery of the
9  false and misleading material in the Chart, the various doctors they consulted
10 maintained that the Chart was accurate, and were unable to come to a consensus
11 regarding what caused Mr. Wells' condition.  Ultimately, on November 23, 2011,
12 Plaintiffs learned through a deposition of an expert that a scholarly article had been
13 published in 2011 which alleged that Defendants had used false and misleading
14 information to construct the Chart.

15    Plaintiffs filed this instant action on November 12, 2013, in Sacramento County
16 Superior Court, alleging nine causes of action based upon Defendants' alleged
17 fraudulent conduct: intentional misrepresentation; intentional concealment; actual fraud;
18 negligent misrepresentation; negligence; intentional infliction of emotion distress;
19 negligent infliction of emotional distress; unfair business practices; and wrongful death.
20 Defendants removed the action to this Court on March 5, 2014.  ECF No. 1.

21    On March 12, 2014, Defendants moved to dismiss Plaintiffs' claims pursuant to
22 Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  ECF No. 8.
23 Defendants asserted that Plaintiffs' claims were not filed within the time required by their
24 respective statutes of limitations, that Plaintiffs failed to plead with sufficient particularity
25 as required by Rule 9(b), and that the Complaint did not state a plausible claim for relief.
26 Id.  The Court issued a Memorandum and Order on May 22, 2014, granting Defendants'
27 motion based on violations of the various statutes of limitations.  ECF No. 17.  More
28 specifically, the Court found that Plaintiffs' allegations regarding application of the

3

1    "discovery rule" were too conclusory.  Id.  However, the Court also held Defendants were

2    not entitled to dismissal under Rule 9(b) or Rule 8, because Plaintiffs sufficiently pleaded

3    their fraud claims.  Id.

4         On June 11, 2014, Plaintiffs filed their FAC alleging the same nine causes of

5    action.  ECF No. 18.  On June 25, 2014, Defendants again moved to dismiss Plaintiffs'

6    claims again pursuant to Rule 12(b)(6) and Rule 9(b).  ECF No. 20.  That motion is

7    presently before the Court for adjudication.  Defendants assert most prominently that

8    Plaintiffs have not pleaded additional facts sufficient to warrant application of the

9    "discovery rule."  Id. at 2.

10

11                              **STANDARD**

12

13        On a motion to dismiss for failure to state a claim under Federal Rule of Civil

14   Procedure 12(b)(6), all allegations of material fact must be accepted as true and

15   construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins.

16   Co., 80 F.3d 336,337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and plain

17   statement of the claim showing that the pleader is entitled to relief" in order to "give the

18   defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell

19   Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41,

20   47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require

21   detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of

22   his entitlement to relief requires more than labels and conclusions, and a formulaic

23   recitation of the elements of a cause of action will not do."  Id. (internal citations and

24   quotations omitted).  A court is not required to accept as true a "legal conclusion

25   couched as a factual allegation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009)

26   (quoting Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a

27   right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citing 5 Charles

28   Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)

                                        4

1  (stating that the pleading must contain something more than "a statement of facts that

2  merely creates a suspicion [of] a legally cognizable right of action.")).

3       Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket

4  assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal citations and

5  quotations omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard

6  to see how a claimant could satisfy the requirements of providing not only 'fair notice' of

7  the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles

8  Alan Wright & Arthur R. Miller, supra, at § 1202).  A pleading must contain "only enough

9  facts to state a claim to relief that is plausible on its face." Id. at 570.  If the "plaintiffs . . .

10  have not nudged their claims across the line from conceivable to plausible, their

11  complaint must be dismissed." Id.  However, "[a] well-pleaded complaint may proceed

12  even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a

13  recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S.

14  232, 236 (1974)).

15       A court granting a motion to dismiss a complaint must then decide whether to

16  grant leave to amend.  Leave to amend should be "freely given" where there is no

17  "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice

18  to the opposing party by virtue of allowance of the amendment, [or] futility of the

19  amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v.

20  Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to

21  be considered when deciding whether to grant leave to amend).  Not all of these factors

22  merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . .

23  carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183,

24  185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that

25  "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group,

26  Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006,

27  1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir.

28  ///

1   1989) ("Leave need not be granted where the amendment of the complaint . . .

2   constitutes an exercise in futility . . . .")).

3

4                                    **ANALYSIS**

5

6        **A.    Rule 9(b)**

7        Defendants have moved to dismiss pursuant to Rule 12(b)(6) and Rule 9(b), on

8   grounds that the various statutes of limitations bar Plaintiffs' claims and additionally that

9   Plaintiffs have failed to plead with the particularity required by Rule 9(b).  With respect to

10  the Rule 9(b) grounds, in a footnote within Defendants' Memorandum of Points and

11  Authorities in Support of Motion to Dismiss, Defendants acknowledge that they are

12  re-alleging the same grounds for dismissal under Rule 9(b) that were rejected by the

13  Court in its previous Order.  ECF No. 21 at 3, n.1.  Consequently, given the prior Order,

14  and the fact that the FAC alleges no new causes of action, Defendants are not entitled to

15  dismissal under Rule 9(b) for the same reasons set forth in the previous Order.  See

16  ECF No. 17 at 5-7.

17       **B.    Rule 12(b)(6) – Statutes of Limitations**

18       The discovery rule is an exception to the general rule in California for defining the

19  accrual of a cause of action.  Norgart v. Upjohn Co., 21 Cal. 4th 383, 397 (1999).  The

20  discovery rule "postpones accrual of a cause of action until the plaintiff discovers, or has

21  reason to discover the cause of action."  Id.  In order to rely on the discovery rule, a

22  plaintiff must "plead that, despite diligent investigation of the circumstances of the injury,

23  he or she could not have reasonably discovered facts supporting the cause of action

24  within the applicable statute of limitations period."  Fox v. Ethicon Endo-Surgery, Inc.,

25  35 Cal. 4th 797, 809 (2005).

26       The Court acknowledged in its previous Order that absent application of the

27  discovery rule, Plaintiffs' claims would be barred by the various statutes of limitations.

28  See ECF No. 17 at 7.  Plaintiffs' claims for negligence, intentional and negligent infliction

                                         6

1    of emotional distress, and wrongful death must be brought within the two-year period

2    required by Cal. Code Civ. Proc. § 335.1.  The fraud claims are governed by a three-

3    year limitations period under Cal. Code Civ. Proc. § 338(d).  Finally, a claim for unfair

4    business practices in violation of Cal. Bus. & Prof. Code § 17200 et seq. is governed by

5    a four-year limitations period.  Cal. Code Civ. Proc. § 17208.  Plaintiffs filed the instant

6    action on November 12, 2013, over four years after Mr. Wells' death.  Thus, in order for

7    Plaintiffs' claims to move forward, the discovery rule must apply.

8            In assessing the viability of Plaintiffs' original Complaint, the Court found that

9    Plaintiffs' allegations regarding delayed discovery were too conclusory to warrant

10   application of the discovery rule.  This was because Plaintiffs had failed to allege enough

11   facts attesting to their inability to discover Defendants' alleged misconduct earlier.  Id.  In

12   their FAC, however, Plaintiffs allege additional facts in support of application of the

13   discovery rule.  See ECF No. 18 at 5-6.  Defendants assert those allegations are still

14   insufficient to rectify the deficiencies identified by the Court in its previous Order.  See

15   ECF No. 21 at 8.

16           In Fox v. Ethicon Endo-Surgery, Inc., the California Supreme Court analyzed

17   whether a plaintiff in a products liability action had alleged enough facts in her complaint

18   to support application of the discovery rule.  35 Cal. 4th at 803.  Fox dealt with a plaintiff

19   who initially brought a medical malpractice action against her surgeon, but based on

20   information learned during the surgeon's deposition, later instituted a products liability

21   cause of action against a medical device manufacturer.  Id. The California Supreme

22   Court ultimately found that the plaintiff's pleading was sufficient to warrant potential

23   application of the discovery rule.  Id.  The Fox court noted that the standard required to

24   support application of the discovery rule when ruling on the pleadings is different than

25   when ruling on a motion for summary judgment.  Id. at 810.  Fox reasoned that it was

26   enough for the plaintiff to allege her inability to discover the product as a potential cause

27   of injury based on the fact that no reasonable person in her position could have

28   discovered that as a cause before the surgeon's deposition.  Id. at 811.

7

1    Like the plaintiff in <u>Fox</u>, Plaintiffs have alleged additional facts in their FAC that

2    satisfy the requirements for alleging application of the discovery rule at this early stage.

3    Plaintiffs point out that up until the expert's deposition on November 23, 2011, none of

4    the doctors they consulted mentioned the Chart, nor the fact that it was based on false

5    information.  <u>See</u> ECF No. 18 at 5-6.  Through their investigation of the cause of

6    Mr. Wells' illness following his initial valve replacement, Plaintiffs consulted multiple

7    doctors who, while presented differing opinions about the cause of his resulting

8    complications, all agreed the Valve product itself was functioning properly.  <u>Id</u>.  Even the

9    doctor who ultimately determined that a bigger valve size was needed and

10   recommended a second surgery did not mention the chart as an issue.  <u>Id</u>.  If the various

11   physicians who supervised Plaintiff's care after the initial surgery did not implicate the

12   Chart as containing false and/or misleading sizing information, it would be unreasonable

13   to hold Plaintiffs themselves to a higher standard.  Even the scholarly article relied on by

14   the expert in the November 23, 2011 deposition was not published until 2011, two years

15   after Mr. Wells' death.  To expect Plaintiffs to be more diligent in their investigation than

16   experts in the field is unwarranted.  Thus, Plaintiffs have met their burden for pleading

17   application of the discovery rule at this stage in the case.

18   Because Plaintiffs' claims did not accrue until November 23, 2011, the date of the

19   expert deposition, and since Plaintiffs brought the instant action on November 12, 2013,

20   less than two years later, the claims have been brought within their respective statutory

21   periods. Thus, Plaintiffs' claims are not barred by the various statutes of limitations.

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28

1

**CONCLUSION**

2

3        As set forth above, Defendants' Motion to Dismiss Plaintiffs' First Amended

4  Complaint (ECF No. 20) is DENIED.

5        IT IS SO ORDERED.

6  Dated:  September 29, 2014

7

8

9                                                    _____
                                          MORRISON C. ENGLAND, JR., CHIEF JUDGE
10                                        UNITED STATES DISTRICT COURT

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28